**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION
DAYTON, OHIO**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

                                                    **Case No.   3:18 CR 156
Honorable Walter H. Rice**

    **vs.**                                                **SENTENCING MEMORANDUM**

**STEPHANIE AYALA**

    **Defendant,**

---

Now comes the Defendant, Stephanie Ayala, by and through the undersigned counsel, and hereby submits this Sentencing Memorandum in support her objections to the Presentence Investigation Report.

                                                      Respectfully submitted,

                                                      <u>/s/ William O. Cass Jr.</u>
                                                     William O. Cass Jr. (0034517)
                                                     Attorney for Defendant
                                                     3946 Kettering Blvd. Ste. 202
                                                     Kettering, OH 45439
                                                     (937) 424-1027; (937) 223-1789 fax
                                                     Bill@WilliamCassLaw.com

**MEMORANDUM**

On November 16, 2018, Stephanie pled guilty to Possession with Intent to Distribute 400 grams or more of a Mixture or Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A).

**A.  STATEMENT OF FACTS**

The Defendant turned 19 on December 21st, she came to the U.S. legally in 2014. She hoped to better her education and return to Honduras, her native country. Stephanie reported to immigration annually until her arrest in this case and she had begun the process of obtaining a green card. She faces deportation after the disposition of this case. Stephanie met her two co-defendants in Connecticut and has had a boyfriend girlfriend relationship with each.  At the time of her arrest, she was seeing Melvin Gomez. Gomez asked her to go on a trip to pick up his brother, co-defendant Eujenio Orea-Reyes. Stephanie knew that it was likely that the trip was to transport some drug but she had no knowledge of the type or amount. She was being paid $1000.00 to ride along and she accepted because she needed the money to get back to Honduras. They first made a stop in New York City where Gomez may have made a drug transaction but Stephanie had no knowledge of the details and she shopped while he was gone.

When they reached Dayton, they met Reyes at a motel. A bag was put in the trunk of the car which contained the fentanyl. Stephanie never saw or knew what was in the bag but presumed it was drugs. They then proceeded back home and were stopped by the police. Stephanie was honest with the police when questioned and she has fully co-operated in the case.

**B. U.S.S.G. § 3B1.2 AND ANALYSIS**

Stephanie knows what she did was wrong and fully accepts responsibility for her actions. The Presentence Investigation Report (PSR) found she has absolutely no prior criminal record and she is Safety Valve eligible. In addition, she was given a two-level adjustment for her role as a minor participant. An objection has been made because it is contended that her role was minimal not minor and she should receive a four-level adjustment.

"The determination whether to apply subsection (a) (minor role adjustmen)t or subsection (b) (minimal role adjustment), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the case." USSG §3B1.2, comment. (n.3(C)). "A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.  Application Note 4 provides that

§3B1.2(a)'s 4-level reduction for minimal participants "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." USSG §3B1.2, comment. (n.4). The note further provides that "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* A defendant must be a plainly peripheral player to justify his classification as a minimal participant." *United States v. Santos*, 357 F.3d 136, 142 (1st Cir. 2004); see also *United States v. Teeter*, 257 F.3d 14, 30 (1st Cir. 2001) ("To qualify as a minimal participant and obtain the concomitant four-level reduction, the [defendant] would have to prove by a preponderance of the evidence that she was, at most, a peripheral player in the criminal activity.").

In this case, Stephanie is certainly the least culpable of those arrested. She is described in the PSR as a "courier" but a courier is someone who is employed to transport a package. This definition fits co-defendants Reyes and Gomez who were working for someone to transport the fentanyl. However, Stephanie's role in this offense could be described as merely a prop, paid to make them look more legitimate when they were driving. In addition, she had no knowledge of the scope or structure of the enterprise her co-defendants were involved. She knew something illegal was occurring involving drugs but she did not know the identity or quantity of the drugs being transported. She did not know where they were going to end up or who was receiving them when they returned. She had no active involvement in transporting the drugs, she merely was along for the ride. A participant in what occurred could hardly have less knowledge than Stephanie and still be guilty of the offense. The preponderance of the evidence clearly shows that Stephanie was, at most, a peripheral player in the transportation of the fentanyl.

Stephanie, therefore, should receive the full benefit of U.S.S.G. § 3B1.2 because she was a minimal participant.

**C. RECOMMENDATION**

It is requested that the Court grant the Defendant's objection to the Presentence Investigation Report and give Stephanie a four-level reduction under U.S.S.G. § 3B1.2. This would lower her guidelines 37-46 months since the Defendant meets the criteria

set forth in U.S.S.G. § 5C1.2(a). It is submitted that this is an appropriate range for the Defendant's participation.

Respectfully submitted,

/s/ William O. Cass Jr.
William O. Cass Jr. (0034517)
Attorney for Defendant
3946 Kettering Blvd. Ste. 117
Kettering, OH 45439
(937) 424-1027; (937) 223-1789 fax
Bill@WilliamCassLaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent to Andrew Hunt, c/o US Attorney's Office Federal Bldg. 200 W. Second St., Ste. 602, Dayton, OH 45402 via email and ECF this same day of filing.

/s/ William O. Cass Jr.