UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:18 CR 156 |
| | : | |
| **Plaintiff,** | : | **UNITED STATES' SENTENCING MEMORANDUM** |
| | : | |
| vs. | : | |
| | : | |
| **STEPHANIE AYALA,** | : | |
| | : | |
| **Defendant.** | : | |

     Now comes the United States, by and through the undersigned Assistant United States Attorney, and respectfully provides the following sentencing memorandum.

     Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/ Andrew J. Hunt
ANDREW J. HUNT (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

## BACKGROUND

On September 12, 2018, Defendant Stephanie Ayala ("Ayala") and others possessed approximately two kilograms of fentanyl and heroin/fentanyl mixture with intent to distribute. (R. 21, *Plea Agreement*, PAGEID# 45).  On November 16, 2018, Defendant entered a guilty plea to Count One of the Information, namely "Possession with intent to distribute 400 grams or more of fentanyl," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

## DEFENDANT'S OBJECTION

The Government supports the United States Probation Office's position that a minor role - as opposed to a minimal role - is appropriate.  As the proponent of the role adjustment, Defendant bears the burden of proving by a preponderance of the evidence that a minimal role adjustment is appropriate. *United States v. Roberts*, 223 F.3d 377, 379 (6th Cir. 2003).  U.S.S.G. § 3B1.2, Application Note 3(C) sets forth the factors the Court considers when evaluating a mitigating role adjustment, namely:

> **(i)** the degree to which the defendant understood the scope and structure of the criminal activity;
> **(ii)** the degree to which the defendant participated in planning or organizing the criminal activity;
> **(iii)** the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> **(iv)** the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> **(v)** the degree to which the defendant stood to benefit from the criminal activity.

A mitigating role is appropriate when a defendant "plays a part in committing the offense that makes [her] substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, Application Note 3(A).  If applicable, a "minimal role" may be assigned when the defendant "is plainly among the least culpable of those involved in the conduct of a group…the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. § 3B1.2, Application Note 4.

Courts have rejected mitigating role adjustments when the defendant was held accountable only for the conduct in which they directly participated (rather than some larger criminal activity) and failed to prove minor or minimal involvement in that conduct. *United States v. Salas*, 455 F.3d 637, 643-644 (6th Cir. 2006); *Roberts*, 223 F.3d at 380; *see also United States v. Williams*, 635 Fed.Appx. 280, 285 (6th Cir. 2015) (defendant not entitled to minor role when held accountable only for the drugs involved in his particular transaction and which he was an essential participant).

Pursuant to the Statement of Facts, Defendant and others jointly transported the drugs in the vehicle, Defendant knew there were drugs inside the vehicle, and Defendant knew that the drugs would be distributed. (R. 21, *Plea Agreement*, PAGEID# 45).  Therefore, she had knowledge of the scope of the offense charged (*i.e.* transporting the drugs for distribution) and her co-defendant's participation in the transporting the drugs.  Furthermore, for purposes of computing base offense level, she was held accountable only for the act she committed, not conduct of some larger conspiracy imputed to her. (*See* Presentence Report ¶ 27).  Assuming *arguendo* that Defendant was traveling to serve as a "prop," her conduct still played a direct role

3

in transporting/possessing the drugs.  The Government respectfully requests that Court deny the objection requesting a minimal role.

## ARGUMENT

In crafting a sentence pursuant to 18 U.S.C. § 3553(a), the Court takes into account: 1) the nature and circumstances of the offense, and history and characteristics of the defendant, 2) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, 3) the need to adequately deter criminal behavior, 4) the need to protect the public from future crimes of defendant, 5) providing rehabilitative services to defendant, 6) the kinds of sentences available, 7) the kinds of sentence and sentencing range established by the Sentencing Guidelines for the offense (and any pertinent policy statements), 8) restitution needs, and 9) the need to avoid unwarranted disparities among similarly situated defendants.  The Court may place greater weight on certain factors as opposed to others. *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

The Government respectfully requests that Defendant be sentenced to a term of imprisonment within the applicable advisory sentencing guideline range.  This is primarily based upon the serious nature of the offense, to provide just punishment, and the threat to public safety inherent in possessing and distributing fentanyl (regardless of Defendant's knowledge of its actual nature).  Moreover, a guideline sentence would tend to treat Defendant consistent with others having committed the same offense with similar backgrounds.[1]

---

[1] 18 U.S.C. § 3553(a)(6) is concerned with national sentencing disparities, and the Sentencing Guidelines are "good evidence of the national standard." *United States v. Simmons*, 501 F.3d 620, 623, 627 (6th Cir. 2007).

In summary, the United States believes a sentence within the applicable sentencing guideline range would be sufficient, but not more than necessary, to meet the goals of sentencing.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

        s/ Andrew J. Hunt
        ANDREW J. HUNT (0073698)
        Assistant United States Attorney
        200 West Second Street, Suite 600
        Dayton, OH 45402
        (937) 225-2910
        Fax: (937) 225-2564
        Andrew.Hunt@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served February 13, 2019, upon Mr. William Cass, Esq., via CM/ECF electronic filing.

        s/ Andrew J. Hunt
        Andrew J. Hunt (007368)
        Assistant United States Attorney